**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| AMLIN CORPORATE MEMBER, LTD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2695 |
| | § | |
| | § | |
| LOGISTICS GROUP INTERNATIONAL, INC., *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This is an interpleader action. The plaintiff, Amlin Corporate Member, Ltd., an insurer, deposited insurance proceeds into the court's registry and sued claimants to those proceeds. Amlin identified as the adverse claimants Logistics Group International, Inc. and Marubeni Plant Contractor, Inc. (MPCI), which have filed crossclaims against each other. In the answer to Marubeni's crossclaims, Logistics included a paragraph that stated:

> LOGISTICS GROUP INTERNATIONAL, INC. hereby moves to dismiss all of MPCI's CROSS CLAIMS AGAINST LOGISTICS, filed on or about January 7, 2010, and any amendments or supplements thereto, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and moves to dismiss the Cross Claims Complaint pursuant to Fed. R. Civ. P. 12[(b)](7) for failure to join a proper party under Fed. R. Civ. P. 19 and moves to dismiss same due to Federal Preemption of all these claims under 14 USCA § 14706, et seq, commonly known as the "Carmack Amendment." Subject to and without waiver of these motions, Defendant answers alleged Cross Claim as follows . . . .

(Docket Entry No. 31 at 1).

Marubeni moved to strike this paragraph because it is a "skeleton motion" that fails to state

the issues presented, a standard of review, case citations or other authority, facts, or a proposed order, denying Marubeni a meaningful opportunity to respond to the motion. (Docket Entry No. 36 at 3). Logistics responded that the paragraph was not intended to be a "formal" motion to dismiss but instead merely to preserve its rights to file a later "formal" motion to dismiss. (Docket Entry No. 40 at 1). Logistics argues that "the [CM/ECF] filing system required, apparently, the Answer to be also entered as a [']Motion' because the word 'Motion' was in the title of the Answer." (*Id.* at 2). Logistics argues that it put Marubeni on notice of the filing caption and its intention to file a formal motion. (*Id.*).

The Rule 12(b) defenses "must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b). A party may assert the defenses by motion, if such a motion is filed before the responsive pleading. If such a motion is filed "simultaneously with the answer, the district court will view the motion as having preceded the answer and thus as having been interposed in timely fashion." 5C CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1361, at 93 (3d ed. 2004). "A plaintiff is not prejudiced by the filing of such motion[s] simultaneously with an answer . . . and that very filing puts the plaintiff on notice that the defendant is not waiving its right to assert the motion[s]." *Invamed, Inc. v. Barr Labs., Inc.*, 22 F. Supp. 2d 210, 215 (S.D.N.Y. 1998) (quoting *Beary v. West Publ'g Co.*, 763 F.2d 66, 68 (2d Cir. 1985). "If the defendant has previously included failure to state a claim for which relief may be granted as an affirmative defense in his or her answer to complaint, 'thereby giving notice' of the defense, then courts will generally permit a Rule 12(b)(6) motion to be filed afer the answer." *Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573, 575 (N.D. Tex. 2005) (quoting *Puckett v. United States*, 82 F. Supp. 2d 660, 663 (S.D. Tex. 1999)).

The inclusion of the paragraph properly put Marubeni on notice that Logistics intended to invoke the Rule 12(b) defenses.  Because the defenses were asserted in the answer, it need not have been docketed as a formal motion to dismiss to which a response was required within a specific time. The clerk will correct the docket entry, without prejudice to Logistics filing its motion to dismiss, if appropriate, within the deadlines set in the Scheduling and Docket Control Order.  The motion to strike (Docket Entry No. 36) is moot.  Docket Entry No. 31 is corrected to reflect that it is an answer to MPCI's crossclaims asserting defenses under Rule 12(b).

SIGNED on May 26, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge