IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMLIN CORPORATE MEMBER, LTD., § | |
| § | |
| Plaintiff, § | |
| § | |
| v.  § | CIVIL ACTION NO. H-09-2695 |
| § | |
| § | |
| LOGISTICS GROUP INTERNATIONAL, § | |
| INC., *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

This is an interpleader action. The plaintiff, Amlin Corporate Member, Ltd., an insurer, deposited insurance proceeds into the court's registry and sued claimants to the proceeds. Amlin also reached a settlement with an entity asserted to be a potential claimant. Amlin has filed a motion for entry of an order discharging it from this action and to recover fees. (Docket Entry No. 50). A response has been filed, and a reply. (Docket Entry Nos. 51, 52). The parties agree that Amlin should be discharged from this litigation, that an injunction should be entered to protect it from claims to the proceeds, and that it should be paid reasonable fees for the interpleader action. The only dispute is what amount is reasonable. Amlin seeks $16,216.69 and submits billing records to support this amount. One of the claimants disputes this amount and asserts that $7,500 is reasonable. There is no dispute that Amlin is entitled to recover the amount it spent to file its interpleader complaint, deposit the proceeds, serve the claimants, and move to dismiss. The issue is whether the additional approximately $10,000 spent in negotiating a settlement with a prospective claimant was necessary and therefore reasonable. For the reasons set out below, this court concludes

that it is fair and equitable to award Amlin the additional amount spent to negotiate the settlement agreement with the potential claimant and obtain the covenant not to sue.

Amlin, lead underwriter of those underwriters at Lloyd's, London subscribing to Policy No. B085607G400C2020, filed this interpleader action. The Policy covered the transportation of certain machinery. A claim was made under the Policy. Amlin agreed to pay $309,515. Amlin identified as adverse claimants Logistics Group International, Inc. and Marubeni Plant Contractor, Inc. (MPCI), which have filed crossclaims against each other. When MPCI filed its answer, it denied that it owned the machine. Amlin later learned that the owner was either Ryobi Die Casting (USA), Inc. or Ryobi Die Casting Mexico. MPCI alleged in its crossclaim against Logistics Group that Ryobi Die Casting (USA) had assigned MPCI its claims related to the incident that gave rise to the claim.

Amlin negotiated a settlement agreement with Ryobi Die Casting (USA). In that settlement, Ryobi agreed not to assert claims against the proceeds. Amlin determined that it did not need to join Ryobi as a party to this interpleader suit. The fees Amlin seeks for its role in this interpleader action include the fees its counsel incurred in negotiating the settlement agreement with Ryobi.

A district court has the authority and discretion to award attorneys' fees in successful interpleader suits to a disinterested stakeholder when it is fair and equitable to do so. *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999). In determining what award to an interpleader's attorneys is reasonable, five factors are generally considered: "(1) whether the case is simple or involved; (2) whether the stakeholder performed any unique services for the claimants or the court; (3) whether the stakeholder acted in good faith and with diligence; (4) whether the services rendered benefitted the stakeholder; and (5) whether the claimants improperly protracted the proceedings."

*Primerica Life Ins. Co. v. Baccus*, No. 3:07-CV-264-O, 2009 WL 250027, at *6 (N.D. Tex. Jan. 30, 2009) (quoting *Noeller v. Metro. Life Ins. Co.*, 190 F.R.D. 202, 207 (E.D. Tex. 1999)).

MPCI's argument is that there was no need for Amlin to settle with Ryobi to obtain an agreement that Ryobi would not pursue the insurance proceeds. MPCI asserts that it had entered into an agreement that assigned to MPCI any claims Ryobi had to the proceeds. A copy of the Assignment Agreement is part of this record. MPCI argues that there is no basis to award "money to interpleader plaintiffs for negotiating covenants not to sue with parties who held no claim to the interpleader proceeds and disavowed such claim." (Docket Entry No. 51 at 2).

In reply, Amlin points out that the assignment between Ryobi and MPCI was inadequate because Amlin was not a party to that assignment and because Ryobi did not agree in the assignment to be bound by the judgment in the interpleader action or to disclaim its interest in the insurance proceeds. Amlin also points out that Logistics Group International asserted that the assignment between Ryobi and MPCI was invalid. Amlin argues that it negotiated a separate settlement with Ryobi to obtain the "same protection that would have been afforded had Ryobi been a party to this suit." (Docket Entry No. 52 at 3).

A review of the record reveals that it is fair and equitable to award Amlin the fees it incurred in drafting the settlement agreement and covenant not to sue. MPCI does not argue that Amlin spent too much attorney time on the agreement or that the hourly rate was unreasonable. The only argument is that the settlement agreement was unnecessary because Ryobi had no potential claim to the proceeds. Ryobi was the owner of the machine. Although MPCI executed an assignment with Ryobi, that assignment did not adequately protect Amlin's interests and Logistics, the other claimant, disputed the validity of that assignment. The case was made more complicated by the

uncertain status of Ryobi's claim.  The assignment Amlin drafted clarified that status and removed the need to add another party.  There is no basis to find that Amlin acted in bad faith or failed to proceed diligently.  The settlement agreement benefitted Ryobi, MPCI, and Amlin.  The factors established by the case law support awarding Amlin the full amount of the fees it claims, $16,216.69.   The motion for discharge, Docket Entry No. 50, is granted.

        SIGNED on May 26, 2010, at Houston, Texas.

                                            Lee H. Rosenthal
                                        United States District Judge