IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMLIN CORPORATE MEMBER, LTD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2695 |
| | § | |
| | § | |
| LOGISTICS GROUP INTERNATIONAL, | § | |
| INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.     Background**

This is a dispute over insurance proceeds.  On March 17, 2011, this court granted summary judgment in favor of MPCI[1] and entered final judgment for $309,515.00—which included the remaining funds in the court's registry—plus $90,103.45 in attorneys' fees and costs and postjudgment interest. (Docket Entry Nos. 74, 75). Logistics Group moved for reconsideration and to stay enforcement of the judgment pending this court's ruling on the motion for reconsideration. (Docket Entry Nos. 77, 78).  MPCI opposed both motions and moved for additional attorneys' fees and immediate disbursement of the funds in the court's registry.  (Docket Entry Nos. 80–82).  In its response to the motion for reconsideration, MPCI conceded that it was not entitled to some of the fees and costs it had sought and this court had included in the final judgment.

Based on the record, the motions and responses, and the applicable law, this court grants in part and denies in part the motion for reconsideration and denies the motion to stay enforcement

---

[1] As in the March 17, 2011 Memorandum and Opinion, "MPCI" designates Marubeni Plant Contractor, Inc., "Logistics Group" designates Logistics Group International, Inc., and "Ryobi" designates Ryobi Die Casting (USA), Inc.

of the judgment as moot. Although the amount of the fee award is reduced, this court does not decide MPCI's request for additional attorneys' fees or its motion to disburse funds because the deadline for Logistics Group to respond has not yet passed. An amended final judgment is entered on the damages. The fees and costs will be resolved after the briefing is complete. *See* FED. R. CIV. P. 54(d)(2)(B); S.D. TEX. L.R. 54.2. Logistics Group must respond to MPCI's motions no later than May 20, 2011.

The reasons for these rulings are explained below.

## II.    The Applicable Legal Standard

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Motions asking a court to reconsider a judgment or order are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order or when the motion seeks reconsideration of an interlocutory order. *Steadfast Ins. Co. v. SMX 98, Inc.*, Civ. A. No. H-06-2736, 2009 WL 3190452, at *4–5 (S.D. Tex. Sept. 28, 2009) (drawing the line at 10 days instead of 28 days because the case was decided before the amendments to Rule 59 took effect on December 1, 2009). Logistics Group's motion is appropriately considered under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303

F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**III.     Analysis**

The factual and procedural background was set out in the March 17, 2011 Memorandum and Opinion and is not repeated here. This court granted MPCI's motion for summary judgent that MPCI was entitled to recover the entire amount of insurance proceeds for Ryobi's Okuna Machine Tool — Machining Center, Millac Model – 852 V, Serial No. 85555 (the "Machine") as an assignee of Ryobi's interest as an insured and as a third-party beneficiary, and as an assignee of Dunlap Trucking's breach of contract claim. Logistics Group challenges each conclusion.

Logistics Group first contends that this court committed manifest error by concluding that Logistics Group owned the Machine at the time of loss. The summary judgment record showed

that Ryobi purchased the Machine and contracted to ship it to Irapuato, Mexico. The summary judgment record presented no evidence of any subsequent change of ownership. Logistics Group's Rule 30(b)(6) witness testified that he did not know who owned the Machine at the time of loss. Based on the record, this court concluded that "[a]lthough Logistics Group has neither identified nor submitted summary judgment evidence that Ryobi did not own the Machine. . . . The record does present uncontroverted evidence that Ryobi did own the Machine, giving it an insurable interest." (Docket Entry No. 74 at 15). Logistics Group faults this analysis because none of the affidavits explicitly states that Ryobi owned the Machine at the time of loss. But Ryobi does not controvert other evidence of ownership. A nonmovant cannot defeat summary judgment by "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). Logistics Group has not shown manifest error.

Logistics Group contends that this court erred by stating that Logistics Group's president, Stephen Day, "conceded [that] Logistics Group's contract with Dunlap Trucking required Logistics Group to procure insurance covering the Machine." Logistics Group notes that the cited deposition was not Day's deposition. Logistics Group is correct that this court inadvertently misidentified the deponent as Day rather than as Bryan Winkles, Logistics Group's Rule 30(b)(6) witness. This error does not entitle Logistics Group to relief from the judgment. Winkles was designated as the witness to "testify on [Logistics Group's] behalf" as to "information known or reasonably available to the organization." FED. R. CIV. P. 30(b)(6). The fact that the cited testimony was by Winkles rather than Day does not require amending the judgment.

4

Logistics Group next argues that this court should adjust the attorneys' fee award because MPCI did not meet its initial burden to show entitlement to the amount of fees this court awarded. It points out that the fee request was based on the entire cost of prosecuting the case, even though MPCI withdrew its Carmack Amendment and negligent bailment claims. Under Texas law, "if any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313 (Tex. 2006). MPCI concedes that it cannot recover for work related solely to the Carmack Amendment and negligent bailment claims but asserts that those claims were responsible for only $1,575 in fees. MPCI also revises its request for costs down from $6,032.45 to $1,332.67, even though Logistics Group did not object to the cost award.

These reductions amount to $6,274.78, reducing the fees and costs award to $83,828.67. MPCI has requested additional fees. Logistics Group has not yet had an opportunity to respond to MPCI's segregation of costs or to MPCI's request for additional fees. This court will determine whether a higher or lower award of attorneys' fees and costs is appropriate postjudgment once briefing is complete. *See* FED. R. CIV. P. 54(d)(2)(B); S.D. TEX. L.R. 54.2. MPCI remains entitled to the entire amount deposited in the court's registry. Logistics Group remains responsible for the difference between the amount in the registry and the $309,515.00 in damages as well as postjudgment interest in the amount of .25 percent per annum.

**III.   Conclusion**

Logistics Group's motion to alter or amend the judgment is granted in part and denied in part. The motion to stay enforcement of the judgment is denied as moot. This court will not consider MPCI's request for additional fees or its motion to disburse the funds in the registry until

Logistics Group's time to respond expires. Logistics Group must respond no later than May 20, 2011. An amended final judgment is entered separately.

        SIGNED on May 5, 2011, at Houston, Texas.

                                                  Lee H. Rosenthal
                                        United States District Judge